UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LORI A. OSTERLOO, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of the Social Security Administration, <br><br> Defendant. | CAUSE NO.: 3:19-CV-693-TLS |

**OPINION AND ORDER**

The Plaintiff Lori A. Osterloo seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income. The Plaintiff argues that the Administrative Law Judge (ALJ) erred in failing to obtain a medical expert; erred in finding her melanoma, anxiety, and depression to be non-severe; failed to consider her impairments in combination; erred in considering the listings; erred in the RFC assessment; erred in weighing medical opinions; erred in considering the third-party statements; failed to properly consider her subjective symptoms; and erred in providing hypotheticals to the VE. For the reasons set forth below, the Court finds that remand is required for further proceedings.

**PROCEDURAL BACKGROUND**

On September 9, 2015, the Plaintiff filed an application for a period of supplemental security income, alleging disability beginning on July 2, 2014. AR 12, 159, ECF No. 9. The claims were denied initially and on reconsideration. *Id*. 78, 90. The Plaintiff requested a hearing, which was held before the ALJ on April 10, 2018. *Id*. 28–66, 103–05. On September 26, 2018, the ALJ issued a written decision and found the Plaintiff not disabled. *Id*. 9–22. On August 28,

2019, the Plaintiff filed her Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief [ECF No. 15], and the Commissioner filed a response brief [ECF No. 18], and the Plaintiff filed a reply brief [ECF No. 19].

## THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. § 416.905(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. § 416.905(a).

An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 416.920. The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 416.920(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since September 19, 2015, the application date. AR 14.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 416.920(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of diabetes mellitus, seizures, and hearing loss. AR 14.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in appendix 1 to subpart P of part 404 of this chapter." 20 C.F.R. § 416.920(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. § 416.920(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that he considered Listings 2.10, 9.00, and 11.02. AR 16-17.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. § 416.920(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can lift and carry ten pounds occasionally and less than ten pounds frequently. The claimant can sit for six hours and stand and/or walk for two hours for a total of eight hours in a standard workday. The claimant can never climb ladders, ropes, scaffolds, ramps or stairs. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The Claimant can frequently handle and finger. The claimant cannot work around hazards such as unprotected heights or moving machinery. The claimant cannot walk on rough, uneven surfaces and cannot operate a motor vehicle, but can work in an environment with a moderate noise level such as a retail establishment.

AR 17.

The ALJ then moves to step four and determines whether the claimant can do her past relevant work in light of the RFC. 20 C.F.R. § 416.920(a)(4)(iv), (f). In this case, the

ALJ noted that the Plaintiff is unable to perform her past work as a route sales driver/delivery driver. AR 20.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" in the national economy given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy, such as an information clerk, an order clerk, and a callout operator. AR 21. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. § 416.912.

The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1-6. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could

4

differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (quotations omitted); *see also Moore*, 743 F.3d at 1121 ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

The Plaintiff raises multiple arguments, but the Court need only address one that compels remand. The ALJ erred in failing to properly analyze the Plaintiff's subjective symptoms.

5

A. **Subjective Symptom Analysis**

The Plaintiff asserts that the ALJ improperly analyzed her subjective symptoms. The ALJ provides very little discussion of the Plaintiff's subjective complaints. The ALJ discusses the Plaintiff's subjective symptoms with regard to her mental impairments at step two, but provides very little discussion of her subjective symptoms with regard to her physical impairments in the RFC analysis. There is a paragraph of boilerplate language wherein the ALJ found that the Plaintiff's subjective symptoms "are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 18. However, the reasons are not fully explained or discussed elsewhere in the decision. "[T]he ALJ's conclusion that [the claimant's] statements were not fully credible for 'the reasons explained in this decision' is not an analysis." *Dukleska v. Colvin*, No. 2:17-CV-430, 2016 WL 814845, at *7 (N.D. Ind. Mar. 1, 2016). Therefore, the ALJ must analyze the Plaintiff's subjective symptoms in the decision, and the ALJ did not do so here.

There is one paragraph that lists a variety of medical records that the ALJ stated "are not suggestive of disability." AR 18. In this paragraph, the ALJ notes that "[d]espite her neuropathy, at least some records indicate that her sensation is intact." The rest of the paragraph is simply a recitation of medical evidence, including a vague reference that "[t]he vast majority of the record indicates that the claimant does not appear to be in acute distress." *Id.*

The ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily live and ability to work. *See* 20 C.F.R. § 404.1529(a): SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). Subjective allegations of disabling symptoms alone cannot support a finding of disability. SSR 163-P, 2017 WL 5180304, at *2. The ALJ must

weigh the claimant's subjective complaints, the relevant medical evidence, and any other evidence of the following factors:

> (1) The individual's daily activities;
>
> (2) Location, duration, frequency, and intensity of pain or other symptoms;
>
> (3) Precipitating and aggravating factors;
>
> (4) Type, dosage, effectiveness, and side effects of any medication;
>
> (5) Treatment, other than medication, for relief of pain or other symptoms;
>
> (6) Other measures taken to relieve pain or other symptoms;
>
> (7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. § 404.1529(c)(3). "The [subjective symptoms] finding must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Craft*, 539 F.3d at 678. The ALJ does not need to specifically address each factor, but "must give specific reasons for the weight given to the individual's statements." *Evans v. Astrue*, No. 3:10-CV-0432, 2012 WL 951489, at *11 (N.D. Ind. Mar. 20, 2013) (citations omitted).

The ALJ cites to a singular medical note to support his finding that the record indicates intact sensation. AR 18, 541. The note indicates that the Plaintiff's sensory examination showed intact sensation to light touch, pinprick, vibration, and proprioception. *Id.* at 541. However, the same note shows diminished reflexes. *Id.* The Plaintiff had absent reflexes at the ankles, and diminished reflexes at the knees. *Id.* Absent ankle reflexes can indicate problems with peripheral nerve function, "which can be of upmost importance in certain populations such as those with diabetes mellitus." ACHILLES REFLEX, https://www.ncbi.nlm.nih.gov/books/NBK459229/ (last visited Jan 25, 2022). The ALJ relied on a single medical note of intact sensation while ignoring

that the same medical note indicated reflex signs consistent with neuropathy. Moreover, multiple other treatment notes indicate neuropathy. Multiple medical notes show positive Tinel's signs bilaterally, decreased sensation on the bottoms of bilateral feet, and decreased sensation to her fingers. AR 375, 378, 381, 383, 417, 466, 473. The ALJ's reliance on a single medical note in his single sentence regarding the Plaintiff's subjective symptoms does not accurately depict the Plaintiff's continued struggle with decreased sensation in her extremities. This is impermissible cherry-picking and requires remand. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).

The ALJ also seems to imply that normal range of motion, normal muscle strength, and a gait with normal limits discredit the Plaintiff's complaints of pain and tingling from neuropathy. However, the ALJ cites to no medical evidence that suggests range of motion, muscle strength, or gait are impacted by diabetic neuropathy. The Northern District of Illinois has noted that full strength and range of motion do not necessarily contradict a claimant's subjective complaints of pain due to neuropathy, as strength and range of motion may remain normal despite other neuropathy symptoms. *See Cosby v. Berryhill*, No. 16 C 11504, 2017 WL 4237048, at *3 (N.D. Ill. Sep. 25, 2017). The ALJ has failed to explain how the Plaintiff's complaints of pain and numbness due to neuropathy are contradicted by findings of normal range of motion and normal muscle strength. The ALJ also cites to a single page of a hospital note indicating she had no focal deficits. AR 18. However, the Plaintiff was unresponsive and intubated at the time due to a suicide attempt. AR 518-19. The ALJ provides no logical discussion as to why this single note of a "nonfocal" neurological examination discredits her subjective complaints.

More problematically, short discussion of neuropathy is the only analysis of the Plaintiff's subjective symptoms. The ALJ has failed to "articulate at some minimal level [his] analysis of the evidence," and the Court is unable to conduct an informed review. *Zurawski v.*

*Halter*, 245 F.3d 881, 888 (7th Cir. 2001) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). "On remand, the ALJ will have an opportunity to assess the Plaintiff's subjective symptoms under SSR 16-3p." *Pulliam v. Berryhill*, No. 2:15-CV-329, 2017 WL 1055798, at *9 (N.D. Ind. Mar. 21, 2017). The ALJ should specifically state which of the Plaintiff's symptoms he does not find credible and explain the bases on which these determinations rely. *See Dukleska v. Colvin*, No. 2:14-CV-430, 2016 WL 814845, at *7 (N.D. Ind. Mar. 1, 2016).

The Court finds that the ALJ failed to properly analyze the Plaintiff's subjective symptoms. Because the Court is remanding on these issues, it need not address the remainder of the Plaintiff's arguments supporting reversing and remanding for further proceedings.

### B. Other Arguments

The Plaintiff makes several other arguments regarding her RFC and several medical opinions. However, since remand is required due to the ALJ's errors in analyzing the Plaintiff's subjective symptoms, these issues need not be addressed at this time. The Plaintiff can address her other concerns on remand.

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 15] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion.

SO ORDERED on February 3, 2022.

        s/ Theresa L. Springmann
        JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT