UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LORI ANN OSTERLOO,

          Plaintiff,

     v.                                CAUSE NO.: 3:19-CV-693-TLS

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

          Defendant.

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff Lori Ann Osterloo's Petition for Attorney Fees Under the Equal Access to Justice Act [ECF No. 23], filed on May 3, 2022. The Plaintiff seeks an award under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $14,321.58 in attorney fees. The Defendant filed a Response [ECF No. 25], on May 17, 2022, requesting that the Plaintiff only recover for 60 hours of work. The Plaintiff filed a Reply [ECF No. 26] on May 18, 2022.

The Defendant's main objection is that the Plaintiff should be limited 60 hours as the reasonable number of hours spent on this case.[1] The Plaintiff has the burden of proving that the requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Plaintiff's counsel should make a good-faith effort to exclude excessive, redundant, or otherwise unnecessary hours. *Id*. at 434; *see also Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008) ("When calculating an EAJA award, we must exclude hours that were not reasonably expended and we may reduce the amount of the award accordingly." (internal quotation marks omitted)

---

[1] The Defendant does not dispute the Plaintiff's hourly rate.

(quoting *Hensley*, 461 U.S. at 434; citing 28 U.S.C. § 2412(d)(1)(C))). The court has the discretion to determine attorney fees due to its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437. To determine whether the hours billed are reasonable, a court considers factors including the size and complexity of the case, the staffing particulars, and the quality of outcome for the party. *Id.*, at 434–37.

The Plaintiff's counsel represents that she spent 61.9 hours working on the Plaintiff's case and that her paralegal spent 14.6 hours working on the case, for a total of 76.5 hours. Pl. Ex. 2, ECF 23-2. This includes 22.1 hours by the attorney spent on the reply brief. *Id.*

The Defendant makes two arguments. First, the Defendant argues that 40–60 hours is the appropriate number of hours for EAJA fees in a social security appeal in the Seventh Circuit, citing, among others, *Franklin v. Berryhill*, No. 1:17-CV-202, 2018 WL 1633778, at *1 (N.D. Ind. Apr. 5, 2018). This argument is unpersuasive. The Defendant cites no mandatory authority for the proposition that 60 hours is the maximum reasonable hours worked. The district court cases that the Defendant cites merely show courts determining that fees within the range of 40–60 hours were reasonable. In fact, the court in *Franklin* expressly noted, "That other courts have found lesser hours to be reasonable does not, in itself, make higher hours unreasonable." 2018 WL 1633778, at *2.

The Defendant's second argument is that 22.1 hours was excessive for the Plaintiff's reply brief. The Defendant argues that the reply brief could not reasonably take 22.1 hours because no new issues could be raised and that 20 hours is near the top of the accepted range of hours for reply briefs. The Defendant argues that because the reply brief could not present new issues, the hours were excessive when compared to the opening brief.

The Court finds that the Plaintiff's counsel's hours were reasonable. "The court . . . may not reduce the number of hours absent a clear indication of why this is necessary." *Ibarra-Montufar v. Colvin*, No. 12 CV 736, 2013 WL 6507865, at *4 (N.D. Ill. Dec. 12, 2013) (citing *Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 439 (7th Cir. 1992) (requiring a "concise but clear explanation" by the court for any reduction)). The Defendant has made no persuasive or specific argument as to why the Court should cut the number of charged hours that is not arbitrary. *See Evans v. Astrue*, No. 3:07-CV-290, 2008 WL 5235993, at *7 (N.D. Ind. Dec. 12, 2008) (noting that "reducing fees by one-half, one-third, one-quarter, one-fifth, or some other fraction/percentage" is a "blunt and arbitrary instrument" and that the reasonableness inquiry is better directed toward the time-log itself); *Ibarra-Montufar*, 2013 WL 6507865, at *4 (finding a proposal to cut hours in half was "simply an arbitrary guess"); *Delgado v. Astrue*, No. 11 CV 2849, 2012 WL 6727333, at *3 (N.D. Ill. Dec. 28, 2012) ("We are unwilling to reduce Claimant's attorneys' fee request on the basis of a generic comparison of time spent on different cases.").

Although the Defendant argues that the hours were unreasonable because the case was not overly complex and 20 hours was excessive for the reply brief, the argument is not persuasive. As noted by the Plaintiff, the Court permitted the Plaintiff to file an oversized opening brief. Order, ECF No. 14. That the record was not "abnormally long" does not make the Plaintiff's claimed hours unreasonable. Nor is the Plaintiff's claimed 22.1 hours for a 16-page reply brief unreasonable. As the Defendant concedes, courts have approved over 20 hours for reply briefs of similar size to the Plaintiff's. *See Garcia v. Colvin*, No. 1:11-CV-165, 2013 WL 1343662, at *4 (N.D. Ind. Apr. 3, 2013) (approving attorney fees for 23 hours spent on a 15-page reply brief); *Groskreutz v. Barnhart*, No. 02-C-454-C, 2005 WL 567814, at *2 (W.D. Wis. Feb.

28, 2005) (approving 19.75 hours for a 10-page reply brief). Although both of those courts considered the hours to be at the high end of the acceptable range of hours, neither found the number of hours unreasonable. Likewise here, the Plaintiff's hours were not unreasonable, and the Court will not arbitrarily reduce the Plaintiff's attorneys fees to 60 hours.

For the foregoing reasons, the Court hereby GRANTS the Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act [ECF No. 23] and awards the Plaintiff a total of $14,321.58 in attorney fees. The Defendant will direct the award, less any amount for a pre-existing debt subject to federal offset, *see Astrue v. Ratliff*, 560 U.S. 586, 596–98 (2010), be made payable to the Plaintiff's attorney pursuant to the EAJA assignment signed by the Plaintiff and her counsel.

SO ORDERED on June 28, 2022.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT